Filed 4/25/23  P. v. Green CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DESHAWN LEAVELL GREEN, Defendant and Appellant. | F085258 (Super. Ct. No. RF009050A) OPINION |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

Appointed counsel for defendant Deshawn Leavell Green asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On or about August 1, 2022, defendant committed domestic violence against a person he was dating.

On September 6, 2022, defendant pled no contest to felony domestic violence (Pen. Code, § 273.5, subd. (a); count 4) and admitted having suffered two prior "strike" felony convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). In exchange, defendant would receive dismissal of four other counts and the low term of two years, doubled to four years pursuant to the Three Strikes law.

Pending sentencing, defendant was released on his own recognizance pursuant to a *Cruz* waiver,[1] which provided that he would be sentenced to the upper term of four years, doubled to eight years pursuant to the Three Strikes law, if he failed to obey all laws or failed to appear for sentencing.

While released on his own recognizance, defendant committed a new misdemeanor criminal offense, thereby violating the terms of his *Cruz* waiver.

---

[1] A *Cruz* waiver, which is part of the plea agreement, is an agreement by the defendant that if he or she is released from custody after the trial court accepts the plea but before sentencing, the defendant promises not to commit other crimes while released and promises to appear for the sentencing hearing. If the defendant breaches this agreement, he or she will then face the maximum term sentence for the crimes to which he or she pled. (*People v. Cruz* (1988) 44 Cal.3d 1247; *People v. Vargas* (2007) 148 Cal.App.4th 644, 646.)

At sentencing on October 11, 2022, defendant admitted violating the terms of his *Cruz* waiver. He was offered and accepted a three-year term, doubled to six years pursuant to the Three Strikes law. The new misdemeanor count was dismissed. The court sentenced defendant to the agreed-upon six years in prison, granted custody credits, and imposed various fines and fees.

On November 9, 2022, defendant filed a notice of appeal.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.